UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANNA MASSAQUOI,<br><br>    Plaintiff,<br><br>  v.<br><br>LEONARD J. ODDO, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:23-CV-00349<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

  Presently before the Court is a civil rights 42 U.S.C. § 1983 complaint filed by *pro se* prisoner-Plaintiff Manna Massaquoi ("Massaquoi") on February 27, 2023. (Doc. 1). The complaint names Defendants Geo Group, Inc., Immigration Custom Enforcement ("ICE"), U.S. Department of Homeland Security ("DHS"), and the following employees at the Moshannon Valley Processing Center located in Philipsburg, Pennsylvania: Leonard J. Oddo, C. Glass, Vicki Vaux, T. Smeal, M. Truesdale, M. Hertlein, Derek Jones, Scott Lytle, Julie Lumadue, Vince CaHill, Tracy Southern, Tanner Sinclair, Carfley, Timothy O'Leary, Tracy Ross, Brad Bender, Mahlon Beals, III, C. Bryan, B. Stiles, C. Cromwell, J. Gibbs, C. Rebel, and Philip Regelman, (collectively, "Defendants"). (Doc. 1). Massaquoi is an immigration detainee in the custody of both DHS and ICE, and has been detained at the Moshannon Valley Processing Center since August 10, 2022. (Doc. 1, ¶ 3).

  Having conducted its statutorily-mandated screening of the complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), the Court finds that the complaint fails to state a claim upon which relief may be granted and grants Massaquoi leave to file an amended complaint.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On February 27, 2023, Massaquoi initiated this action by filing a complaint against Defendants pursuant to 42 U.S.C. § 1983, seeking declaratory relief pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, injunctive relief pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 2284 and Rule 65 of the Federal Rules of Civil Procedure. (Doc. 1, ¶ 1). Since the inception of this action, Massaquoi has filed three motions to proceed *in forma pauperis*.[1] (Doc. 4; Doc. 7; Doc. 11). Massaquoi claims that "[o]n about August 11, 2022 until now, the Defendants violated [Massaquoi]'s federal/state criminal and or civil rights under the Constitution and state laws in their individual and or official capacities." (Doc. 1, ¶ 6). Massaquoi further explains:

> Details of each individual defendants' violations will be amended and or supplemented at a later date upon [Massaquoi]'s released by him pro se and or by his private paid civil lawyer(s) to avoid systematic retaliation(s) from the defendants and or their co-workers, as [Massaquoi] is now waiting to be released from detention custody on any day starting February 7, 2023 either by ICE/DHS themselves or by the U.S. Middle District Court's order pending [Massaquoi] pro se Habeas Corpus.
>
> (Doc. 1, ¶ 7).

As relief, Massaquoi requests declaratory judgment and compensatory damages. (Doc. 1, ¶¶ 12-13).

The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) to screen the complaint and dismiss it if it fail to state a claim upon which relief can be granted.

---

[1] The Court will address the motions to proceed *in forma pauperis* in a separate Order.

II.    **DISCUSSION**

    A.  **LEGAL STANDARD**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil amended complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Massaquoi is an immigration detainee suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters

of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien &*

4

*Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must

permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### B. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

At the outset, the complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. As discussed *supra*, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, even when liberally construed as is necessary for *pro se* complaints, Massaquoi fails to simply, concisely, and directly allege what his claims are and does not provide fair notice of the grounds on which his intended claims rest. *See Erickson*, 551 U.S. at 93. He simply states "Defendants violated [Massaquoi]'s federal/state criminal and or civil rights under the Constitution and state laws in their individual and or official capacities." (Doc. 1, ¶ 6). There is no allegation of how Defendants' actions violated Massaquoi's rights or which rights have supposedly been violated. (Doc. 1). Additionally, apart from providing one date, August 11, 2022, without any further context, Massaqoui alleges no facts involving any Defendant, nor does he state how each Defendant is personally involved in the alleged wrongdoings. (Doc. 1).

Massaqoui runs afoul of Rule 8(a)(2)'s basic tenant that the "'plain statement' [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *See Twombly*, 550 U.S. at 545; *see also Cooper v. Link*, No. 18-CV-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his complaint as pled because it is not clear what each Defendant did to violate his rights."). Thus, in its current form, the complaint would not provide any meaningful opportunity for Defendants to decipher or answer the vague

allegations levied against them. *See* Twombly, 550 U.S. at 555. As such, Massaquoi's complaint is subject to dismissal in its entirety for failure to state a claim upon which relief may be granted. (Doc. 1).

    C.  LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004); *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007). As the complaint in its current form does not clearly set forth any claims against Defendants, dismissal is warranted. However, so as to preserve Massaquoi's rights as a *pro se* litigant, the Court will allow him to file a unified, legible amended complaint setting forth his factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by Defendants.

Massaquoi is advised that the amended complaint must be a pleading that **stands by itself without reference to the original or amended complaints.** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The amended complaint must also establish the existence of specific actions taken by Defendants which have resulted in identifiable constitutional violations, to the extent Massaquoi intends to bring a civil rights action under 42 U.S.C. § 1983. Further, Massaquoi is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original

complaint. **Failure to file a second amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

III.  CONCLUSION

Based on the foregoing, the Court finds that Massaquoi' complaint fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). (Doc. 1). Massaquoi shall be granted thirty (30) days in which to file an amended complaint.

An appropriate Order follows.


**Dated: May 9, 2023**  	*s/ Karoline Mehalchick*
	**KAROLINE MEHALCHICK**
	**Chief United States Magistrate Judge**